## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN GATES, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2340-CM |
| **SPRINT SPECTRUM, L.P.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff John Gates brings this action for trespass and injunctive relief individually and on behalf of all other persons or entities similarly situated. This matter is before the court on Defendant's Motion to Deny Class Certification (Doc. 31) and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 42).

Under the court's scheduling orders, the deadline for completing discovery, including discovery on class certification, was March 1, 2007; the deadline for filing motions to amend the pleadings was March 1, 2006; and the deadline for filing motions to certify a class was March 29, 2007. Plaintiff has not filed a motion to certify the class, but defendant filed a motion to deny class certification on November 30, 2006. On March 1, 2007, the parties concluded discovery on class certification. After discovery was complete, plaintiff determined that the facts did not warrant class certification. On March 30, 2007, plaintiff filed a motion for leave to file a second amended complaint removing all class allegations. In response to plaintiff's motion for leave, defendant agreed not to object to the motion if the court grants its motion to deny class certification.

Under Fed. R. Civ. P. 15(a), a party may amend its pleading with the written consent of the

adverse party or with leave of court.  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  This is a "mandate . . . to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend is a matter committed to the court's sound discretion and is not to be denied without the court giving some reason or cause on the record.  *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).  Leave may be denied when the amendment would cause undue prejudice to the opposing party, when the movant has "unduly and inexplicably delayed" in requesting leave, when the movant acts on a "bad faith or dilatory motive," or when the amendment would be futile.  *Foman*, 371 U.S. at 182; *State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984).  In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.  *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).  But when, as here, a motion for leave is filed after the deadline established in the court's scheduling order, the court must examine Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b).  *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).  "The 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.* (quotation omitted).  "The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."  *Id.* (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991)).

For the reason explained below, plaintiff's motion for leave satisfies Fed. R. Civ. P. 15(a) and is justified under Fed. R. Civ. P. 16(b).  Plaintiff's requested amendment would not prejudice defendant.  In fact, the proposed second amended complaint removes all class allegations, providing defendant with the relief requested in its motion to deny class certification.  Although plaintiff's

request for leave to amend was filed after the deadline for motions to amend, the motion was not unduly delayed. Plaintiff diligently filed it within thirty days of the close of discovery, which is when it learned that the facts did not support class certification. And nothing in the record suggests the plaintiff is acting in bad faith. Moreover, the motion is not futile. It removes allegations that are not supported by the facts and narrows the issues in this action. Accordingly, the court grants plaintiff's motion for leave to amend. Pursuant to D. Kan. Rule 15.1, plaintiff shall file and serve its second amended complaint on defendant within ten days of the date of this Order.

Because plaintiff's Second Amended complaint resolves all issues regarding class certification, defendant's motion to deny class certification is moot. The court therefore denies defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Deny Class Certification (Doc. 31) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Docs. 42) is granted.

Dated this 10th day of May 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**

**CARLOS MURGUIA
United States District Judge**