## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN J. GATES, AS TRUSTEE OF ) <br> TRIUMPH MORTGAGE, INC., ) <br> RETIREMENT TRUST, ) <br> ) <br> ) <br>          **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> SPRINT SPECTRUM, L.P., ) <br> ) <br> ) <br>          **Defendant.** ) <br> _____) | **CIVIL ACTION** <br> <br> **No. 05-2340-CM** |

## MEMORANDUM AND ORDER

Plaintiff John J. Gates, as trustee of Triumph Mortgage, Inc. Retirement Trust, brings this action for trespass and injunctive relief against defendant Sprint Spectum, L.P. This matter is before the court on Defendant's Motion For Summary Judgment (Doc. 58) and defendant's Motion to Strike Portions of Affidavit of John J. Gates (Doc. 76).

### I.    Factual Background[1]

Plaintiff owns property in Harris County, Texas. In 1969, the county granted an easement over the property to Houston Power & Light ("HP&L"). In May 1998, HP&L entered into an agreement with defendant. Pursuant to the agreement, defendant installed its wireless telecommunications equipment on the portion of the property subject to the HP&L easement. The

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record. Under D. Kan. Rule 56.1(a), all material facts set forth by defendant are deemed admitted unless specifically controverted by plaintiff in his response.

installation was complete by July 28, 1998.  On December 7, 1998, plaintiff acquired the property in

a package of properties from the Federal Deposit Insurance Corporation's Resolution Trust

Corporation.  He did not obtain an assignment of claims from the previous owner.

The installation of the telecommunications equipment caused no physical injury to the

property, and plaintiff does not allege that the equipment affects the property's market value.

Instead, plaintiff challenges defendant's past, present, and future use of plaintiff's property without

compensating plaintiff.  Plaintiff alleges that the presence of the equipment is a trespass.  He also

alleges he is entitled to "an injunction against the Defendant and all other parties unlawfully

engaging in non-electricity related activities on the Property requiring the Defendant to terminate

such activities unless adequate easement[s] or agreements are agreed to and approved by the Court."

(Pl.'s Third Am. Compl. at ¶ 28.)

## II.     Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

## III.    Discussion

### A.     *Choice of Law*

A district court exercising diversity jurisdiction applies the choice of law rules of the state in

which it is sitting.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  In resolving a

choice of law issue, the court must first determine what type of case is involved.  This is an action

sounding in tort because plaintiff alleges trespass.  For claims involving tort law, Kansas follows the

rule of *lex loci delicti*, which means the law of the state where the tort occurred controls.  *Ling v.

Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985).  Here, the alleged trespass occurred in Texas.  Thus,

unless Kansas law dictates otherwise, Texas law applies to this case.

### B.      Standing

"[A] person has standing to sue only when he or she is personally aggrieved by an alleged

wrong."  *Denman v. SND Operating, L.L.C.*, No. 06-04-00061-CV, 2005 WL 2316177, at *3 (Tex.

App. 2005).  A cause of action for injury to property belongs to the person who owns the property at

the time of the injury and, without express assignment, does not pass to a subsequent purchaser.  *Id.*;

*In re Premcor Refining Group, Inc.*, 233 S.W.3d 904, 908 (Tex. App. 2007) (holding that the

plaintiffs lacked standing to pursue a permanent nuisance action for injury to property because none

of the plaintiffs were the owners of the land when the cause of action accrued with the first injury).

Thus, the court must determine when the injury occurred.  Because the primary concern in deciding

standing is whether a new injury has occurred since the landowner acquired the property,

determining when an injury occurs often depends on whether the injury is permanent or temporary.

*Denman*, 2005 WL 2316177, at *4.  A cause of action for a permanent injury occurs when the injury

first occurs or is discovered.  *Id.*  A cause of action for a temporary injury occurs when each separate

injury occurs.  *Id.*

Under Texas law, "[a] permanent injury is 'constant and continuous' and 'of such a character

and existing under such circumstances that it will be presumed to continue indefinitely,'" while a

temporary injury is a series of injuries that occur over time; it is sporadic and uncertain.  *Id.*, at 4 n.4

(citations omitted).  When determining if an injury to land is temporary or permanent, the court must

consider the consequences that flow from it. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 276–81 (Tex. 2004) (explaining permanent and temporary injuries in the nuisance context). The Texas Supreme Court explained that "[i]f future harm can reasonably be predicted, the nuisance is a permanent one and a claimant must sue for all injuries in one suit." *Id.* at 278. "Conversely, a nuisance as to which any future impact remains speculative at the time of trial must be deemed 'temporary.'" *Id.* at 280 (citations omitted). The court considers these consequences because predictable future harm will be reflected in the market value of the land, but temporary unpredictable harm will not. *Id.* at 276–77 (explaining that if an injury to land is temporary, the landowner may recover only lost use and enjoyment that has already accrued, but if the injury is permanent, he may recover lost market value—a figure that reflects all losses from the injury, including future losses); *Denman*, 2005 WL 2316177 at *4 (same).

Plaintiff acknowledges that the trespass—the intrusion onto plaintiff's property without consent or paying rent—occurred before he acquired the property, but he contends that the intrusion was continuous, renewed itself the day he acquired the property, and continues today. Defendant argues that the trespass occurred in July 1998, that the injury to the land was permanent, and that the cause of action for the injury belongs to the person who owned the land in July 1998.

When determining whether the trespass is permanent or temporary, the court considers the impact of the injury over a period of years. *Schneider Nat'l Carriers, Inc.,* 147 S.W.3d at 275–76. Defendant placed the equipment on the property in July 1998, and it has remained there ever since. Plaintiff does not allege that defendant entered the property after July 1998 or placed additional equipment on the property. Accordingly, the trespass onto plaintiff's land has been "constant and continuous" since July 1998. Additionally, the future harm to the land was reasonably predictable from the time of the trespass because neither the existence nor the nature of the trespass changed

-4-

over time.  The equipment has been on the land in the same capacity since before plaintiff acquired the land.  The injury in this case occurs often enough that in a suit for the original trespass the jurors could make a reasonable estimate of the long-term impact of the trespass on the market value of the property and, under Texas law, ought to be allowed to do so.  *See, e.g., id.* at 277 ("[I]n cases in which injury occurs often enough before trial that jurors can make a reasonable estimate of the long-term impact of the nuisance on the market value of a property, they ought to be allowed to do so.").  The consequences of the trespass should have been reflected in the market value of the property when plaintiff acquired it.

After reviewing the record, the court finds that the trespass was permanent.  Thus, the injury occurred in July 1998, before plaintiff owned the property.  As the subsequent landowner, plaintiff lacks standing to sue for injuries that occurred before his ownership—the previous owner was the party who was actually harmed by the prior injury.  *See, e.g., Denman*, 2005 WL 2316177, at *4 (holding that a subsequent landowner lacks standing for injuries before his or her ownership because the prior owner was the party who was actually harmed by the prior injury).

Defendant argues that plaintiff's injunctive relief claim must be dismissed because it is not an independent action.  Plaintiff does not address defendant's argument.  Although plaintiff separated his claim into two counts, trespass and injunctive relief, he only alleges the tort of trespass.[2]  Injunctive relief is a type of relief he seeks for the alleged trespass, not a cause of action.  *Scott v. Tanner*, No. 01-02-00668-CV, 2003 WL 22862806, at *3 n.2 (Tex. App. 2003) ("We recognize that a request for injunctive relief is not an independent cause of action; rather, it is a type of relief.").  If  derivative of the trespass claim, plaintiff's claim for injunctive relief must be

---

[2]  Plaintiff also asks for a declaration of his rights under the easements granted to defendant. But he asserts a common law trespass claim, not a trespass to try title or declaratory judgment action.

dismissed.  *See, e.g., WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 462 n.20 (Tex. App. 2005) (recognizing a claim for injunctive relief is disposed of when expressly tied to claims dismissed on summary judgment).

The court has reviewed the record and the parties' arguments and finds that plaintiff's injunctive relief claim is derivative of plaintiff's trespass claim.  Because all of the relief plaintiff seeks stems from his trespass claim, he cannot recover the requested relief.  Accordingly, defendant's motion is granted, and plaintiff's claims are dismissed.

In light of the court's ruling, it need not consider defendant's Motion to Strike Portions of Affidavit of John J. Gates (Doc. 76).  The motion is denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. 58) is granted.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike Portions of Affidavit of John J. Gates (Doc. 76) is denied as moot.

Dated this <u>10th</u> day of December 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
